UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALDO S. LIGONS,

Plaintiff,

v.

MARY McCOMB, ET AL.,

Defendants.

Civil File No. 01-1592 (DSD/JGL)

ORDER

Plaintiff, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, has brought this action into federal court by filing a self-styled "Notice of Removal." (Docket No. 1.) He originally commenced this action in the state district court for Washington County, Minnesota, but he is now attempting to remove it to federal court pursuant to 28 U.S.C. §§ 1441 et seq.

Plaintiff did not tender the required filing fee with his Notice of Removal, but instead filed an "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"). Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

FILED 9-6-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are <u>not</u> excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in

installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $32.12, and his average monthly balance during the same period was $2.07. Because the average monthly deposit amount is greater than the average monthly balance amount, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount -- i.e., $6.42, ($32.12 x 20% = $6.42). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Clerk, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the Court will thereafter reconsider Plaintiff's IFP application. It should be noted, however, that if such initial partial filing fee is timely paid, Plaintiff's submissions still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether this action can properly be entertained here. If Plaintiff's submissions do not survive such screening, IFP status will not be granted, and the case will not be allowed to proceed.[1] If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be

[1] Although Plaintiff's submissions have not yet been thoroughly examined, a cursory inspection of the file suggests that this action will not survive the initial screening process, because a plaintiff cannot remove his own case from state court to federal court. Duckson v. Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117, 1119 (D.Minn. 2001) (Rosenbaum, J.) ("[i]t is well-established that plaintiffs do not have a right of removal"), citing, inter alia, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941). Plaintiff should therefore carefully consider the wisdom of committing himself to

deemed to have abandoned this action, and it will be recommended that the case be summarily remanded to the state court from whence it came. See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $6.42, failing which it will be recommended that the action be summarily remanded to the state court.

Dated: September 6, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

spending $150 (from his apparently limited resources) to pursue this action. If he perseveres, he probably will find himself still making installment payments toward the federal court filing fee long after this action has been summarily remanded to the state court.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500